1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10  RONNIE E. BARRON,

11            Plaintiff,              No. CIV S-10-1567 WBS DAD P

12      vs.

13  M. MARTEL, et al.,

14            Defendants.            ORDER

15  _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17  filed pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint.

18                    **SCREENING REQUIREMENT**

19          The court is required to screen complaints brought by prisoners seeking relief

20  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

21  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

24  U.S.C. § 1915A(b)(1) & (2).

25          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6              Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

7   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

10  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

11  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

12  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

13  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

14  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

15  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

16  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17              The Civil Rights Act under which this action was filed provides as follows:

18          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
19          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
20          law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

26  /////

2

1  omits to perform an act which he is legally required to do that causes the deprivation of which

2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3          Moreover, supervisory personnel are generally not liable under § 1983 for the

4  actions of their employees under a theory of respondeat superior and, therefore, when a named

5  defendant holds a supervisorial position, the causal link between him and the claimed

6  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

7  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

8  allegations concerning the involvement of official personnel in civil rights violations are not

9  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10                      **PLAINTIFF'S AMENDED COMPLAINT**

11          In his amended complaint, plaintiff identifies Warden Martel, Chief Medical

12  Officer Smith, Dr. Galloway, Dr. Naseer, Physician's Assistant Todd, and Nurse Martinez as the

13  defendants in this action.  Plaintiff appears to be attempting to allege that the named defendants

14  have failed to provide him adequate medical care resulting in him having his sternum removed.

15  Plaintiff alleges that he has filed numerous inmate appeals regarding his dissatisfaction with his

16  medical care.  In terms of relief, plaintiff requests monetary damages.  (Am. Compl. at 11 &

17  Attach. at 1-2.)

18                                  **DISCUSSION**

19          As with plaintiff's original complaint, the allegations in plaintiff's amended

20  complaint are so vague and conclusory that the court is unable to determine whether the current

21  action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and

22  plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a

23  flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts

24  that support the elements of the claim plainly and succinctly.  Jones v. Community Redev.

25  Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

26  particularity overt acts which defendants engaged in that support his claims.  Id.  Because

3

1   plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must

2   be dismissed.  The court will, however, provide plaintiff a final opportunity to correct the

3   deficiencies of his complaint and will therefore grant him leave to file a second amended

4   complaint.

5          If plaintiff chooses to file a second amended complaint, he must allege facts

6   demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal

7   constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second

8   amended complaint must allege in specific terms how each named defendant was involved in the

9   deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

10  some affirmative link or connection between a defendant's actions and the claimed deprivation.

11  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

12  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

13  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

14  F.2d 266, 268 (9th Cir. 1982).

15         Insofar as plaintiff wishes to proceed in this action on an inadequate medical care

16  claim, he is advised that he will need to allege facts demonstrating how each individual

17  defendant's actions rose to the level of "deliberate indifference."  In Estelle v. Gamble, 429 U.S.

18  97, 106 (1976), the U.S. Supreme Court held that inadequate medical care did not constitute

19  cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level

20  of "deliberate indifference to serious medical needs."  In applying this standard, the Ninth Circuit

21  Court of Appeals has held that before it can be said that a prisoner's civil rights have been

22  abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

23  'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

24  Lab., 622 F.2d 458, 460 (9th Cir. 1980).  In addition, mere differences of opinion between a

25  prisoner and prison medical staff as to the proper course of treatment for a medical condition do

26  /////

1  not give rise to a § 1983 claim.  See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th

2  Cir. 2004).

3          Insofar as plaintiff wishes to proceed against any of the defendants for the way in

4  which they processed his inmate appeals, he is advised that prison officials are not required under

5  federal law to process inmate grievances in a specific way or to respond to them in a favorable

6  manner.  It is well established that "inmates lack a separate constitutional entitlement to a

7  specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)

8  (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  See also, e.g., Wright v. Shannon,

9  No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's

10  allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable

11  claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL

12  5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to

13  timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment);

14  Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov.

15  20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any

16  basis failed to indicate a deprivation of federal rights).

17          Plaintiff is reminded that the court cannot refer to prior pleadings in order to make

18  his second amended complaint complete.  Local Rule 220 requires that an amended complaint be

19  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

20  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

21  Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer serves

22  any function in the case.  Therefore, in a second amended complaint, as in an original complaint,

23  each claim and the involvement of each defendant must be sufficiently alleged.

24  /////

25  /////

26  /////

1                                 **CONCLUSION**

2          Accordingly, IT IS HEREBY ORDERED that:

3          1.  Plaintiff's amended complaint (Doc. No. 15) is dismissed;

4          2.  Plaintiff is granted thirty days from the date of service of this order to file a

5 second amended complaint that complies with the requirements of the Civil Rights Act, the

6 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

7 must bear the docket number assigned to this case and must be labeled "Second Amended

8 Complaint"; failure to file a second amended complaint in accordance with this order will result

9 in a recommendation that this action be dismissed without prejudice; and

10         3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

11 civil rights action.

12 DATED: October 7, 2011.

15 DAD:9
barr1567.14am

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

6