1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RONNIE E. BARRON,                          No.  2:10-cv-1567 MCE DB P

12                  Plaintiff,

13            v.                                  ORDER

14    M. MARTEL, et al.,

15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, filed a third amended complaint.  Once an

18    answer has been filed, a party may amend a pleading only by leave of court or by written consent

19    of the adverse party.  See Fed. R. Civ. P. 15(a)(2).  An answer was filed on July 17, 2013.

20    Plaintiff did not file a motion to amend or a stipulation to amend the complaint signed by all

21    parties.

22          Plaintiff is warned that the court will not permit plaintiff to amend a complaint if the

23    amendment would be futile because plaintiff's claims do not survive the statute of limitations.

24    See Turner v. Sacramento Co. Jail, No. 2:09-cv-0117 WBS KJN P, 2010 WL 4237355, *3 (E.D.

25    Cal. Oct. 21, 2010).  Plaintiff has been proceeding for six years on claims against defendants

26    Martinez and Todd arising from their conduct at Mule Creek State Prison from 2004 to 2007.  In

27    his third amended complaint, plaintiff adds claims against unnamed defendants arising from their

28    ////

                                                1

conduct at Pleasant Valley State Prison in 2004.[1]  (ECF No. 101.)   As defendants point out, plaintiff's new claims are subject to California's two-year statute of limitations.  See Wallace v. Kato, 549 U.S. 384, 387 (2007); Cal. Code Civ. Proc. § 335.1.1.  That statute of limitations may be tolled, again by looking to California law.  See  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  Under California law, the statute of limitations is tolled for up to two years where the cause of action accrues while the plaintiff is in prison.  See Cal. Code Civ. Proc. § 352.1.  For purposes of the statute of limitations, this court has already concluded that plaintiff's cause of action accrued in January 2007, when plaintiff was diagnosed with Valley Fever.  (ECF No. 57 at 7.)  Therefore, as this court held, plaintiff's claims must have been filed by January 2011 in order to be timely.  (Id. at 8.)

Plaintiff new claims would only survive here if plaintiff's proposed amended complaint relates back to plaintiff's initial June 22, 2010 complaint, which the court held was timely filed. (ECF No. 57 at 8.)   Because the limitations period derives from state law, this court must consider both federal and state law to determine which affords "the more permissive" relation back standard.  Butler v. Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1201 (9th Cir. 2014) (citing Fed. R. Civ. P. 15(c)(1)).  Under California law, plaintiff's new claims would only relate back if plaintiff was correcting the identity of a previously-named defendant.  Id.; Cal. Code. Civ. Proc. § 473(a)(1).  If plaintiff had originally alleged claims against DOE defendants, he would have had three years from the date of filing his original complaint to identify those defendants. Cal. Code Civ. Proc. § 474.  In the present case, it does not appear that plaintiff asserted claims against DOE defendants.  (ECF No. 1.)  Even if plaintiff had alleged claims against DOE defendants, three years from the date of filing his 2010 complaint has long passed.  Thus, under California law, plaintiff's new claims would be barred by the statute of limitations.

The federal relation-back standard requires the moving party to show

> "(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have

---

[1] It is not clear if plaintiff's third amended complaint includes other changes to the claims alleged in the second amended complaint.  Should plaintiff make a motion to amend the second amended complaint, he must describe those changes.

2

1    received such notice that it will not be prejudiced in maintaining its
2    defense; (3) that party must or should have known that, but for a
     mistake concerning identity, the action would have been brought
3    against it."

4    Butler, 766 F.3d 1191, 1202 (quoting Schiavone v. Fortune, 477 U.S. 21, 29 (1986)).

5    Additionally, the second and third requirements must have been fulfilled within 120 days after the

6    original complaint is filed, as prescribed by Federal Rule of Civil Procedure 4(m).  See Hogan v.

7    Fischer, 738 F.3d 509, 517 (2nd Cir. 2013) (citing Fed. R. Civ. P. 15(c)(1)(C)).  Because

8    plaintiff's new claims challenge conduct that was not the subject of the original complaint and

9    because plaintiff does not appear to be asserting a mistake in the identity of defendants, plaintiff's

10   new claims would not relate back under federal law and would be barred by the statute of

11   limitations.

12        Because plaintiff failed to file a motion to amend or a stipulation to amend the complaint

13   signed by all parties, IT IS HEREBY ORDERED that plaintiff's third amended complaint (ECF

14   No. 101) is stricken, and this action will continue to proceed on the second amended complaint

15   filed January 3, 2012.

16   Dated:  September 30, 2016

17

18                                                          _____
                                                            DEBORAH BARNES
19                                                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24   DLB:9
     DLB1/prisoner-civil rights/barr1567.10c
25

26

27

28

                                                    3