UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE E. BARRON, | No. 2:10-cv-01567 MCE DB P |
| Plaintiff, | |
| v. | ORDER |
| M. MARTEL, et al., | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  Before the court are plaintiff's "objections" to the magistrate judge's order issued October 21, 3016.  (ECF No. 119.)  Plaintiff states therein that he objects to the magistrate judge's denial of his request to re-open discovery.  Also before the court is a second document filed by plaintiff entitled "objections."  (ECF No. 120.)  In this filing, plaintiff appears to seek reconsideration of the magistrate judge's decision to strike plaintiff's third amended complaint.  For the reasons set forth below, this court denies both objections.

BACKGROUND

The operative complaint in this action is plaintiff's second amended complaint filed on January 3, 2012.  (ECF No. 21.)  On May 17, 2016 plaintiff filed a third amended complaint.  (ECF No. 101.)  Defendants opposed the filing of that complaint.  (ECF No. 108.)   On October 3, 2016, the magistrate judge struck plaintiff's third amended complaint.  (ECF No. 115.)

1

On May 20, 2016, plaintiff filed a motion for an extension of the deadlines for identifying expert witnesses. (ECF No. 104.) On May 31, plaintiff filed a motion requesting the production of documents from defendants. (ECF No. 107.) On September 23, plaintiff filed a motion entitled a motion for a "subpoena duces tecum." (ECF No. 114.) Defendants filed an opposition to the May 31 motion. (ECF No. 109.) In a separate order also issued on October 3, the magistrate judge granted plaintiff's request for an extension of the deadlines regarding the identification and depositions of expert witnesses and denied plaintiff's requests to re-open discovery. (ECF No. 116.) Plaintiff filed an "objection" to the order denying discovery, which the court construed as a request for reconsideration and denied in an order signed October 20 and filed October 21. (ECF Nos. 117, 118.)

On October 31, plaintiff filed two separate documents, both entitled "Objections." In the first (ECF No. 119), plaintiff simply states that he objects to the magistrate judge's October 20 order denying his requests for production of documents and subpoena duces tecum. In the second (ECF No. 120), plaintiff states he is objecting to a magistrate judge's order, but does not specify the order. Plaintiff then goes on to describe issues he wishes to add into his complaint. Those issues involve his medical care at Pleasant Valley State Prison in 2004 and were included in plaintiff's third amended complaint, which was stricken by the magistrate judge. This court therefore construes plaintiff's second set of objections as a challenge to the October 3 ruling of the magistrate judge striking the third amended complaint.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 72(a), a party may object to a magistrate judge's ruling on a pretrial matter within fourteen days of service of the magistrate judge's order. The district court may set aside all or part of that order that is clearly erroneous or contrary to law. See also E.D. Cal. R. 303.

The legal standard for modification of a scheduling order is "good cause." Fed. R. Civ. 16(b)(4). A plaintiff who seeks to amend a complaint after an answer is filed must file a motion or obtain the written consent of the opposing party. Fed. R. Civ. P. 15(a)(2). Granting or denying leave to amend a complaint is within the discretion of the court. See Chodos v. West Publ'g Co.,

1  292 F.3d 992, 1003 (9th Cir. 2002).  "The court should freely give leave when justice so requires."
2  Fed. R. Civ. P. 15.  However, the court has "particularly broad" discretion where plaintiff has
3  been granted leave to amend in the past.  Chodos, 292 F.3d at 1003 (citing Griggs v. Pace Am.
4  Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999)).  "When considering a motion for leave to amend,
5  a district court must consider whether the proposed amendment results from undue delay, is made
6  in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic."  Id. (citing Foman
7  v. Davis, 371 U.S. 178, 182 (1962)).  Further, the court need not permit amendment of a
8  complaint if doing so would be futile.  See Garmon v. County of Los Angeles, 828 F.3d 837, 842
9  (9th Cir. 2016).

## ANALYSIS

In his first set of objections, plaintiff makes no argument.  He just states that he wishes to preserve the issue for appeal.  (ECF No. 119.)  Despite plaintiff's failure to make a showing in support of his objection, this court has reviewed the magistrate judge's denial of plaintiff's request to re-open discovery and finds that it is not clearly erroneous or contrary to law.

Plaintiff's second set of objections suffer several problems.  First, they are untimely.  The magistrate judge struck plaintiff's third amended complaint on October 3, 2016.  (ECF No. 116.)  The docket shows that the order was served on plaintiff that day.  Plaintiff had fourteen days to object to the magistrate judge's order.  His October 31 objections come too late.  Second, plaintiff's attempt to amend was untimely as well.  The deadline for filing pretrial motions expired on February 21, 2014.  (See ECF No. 46.)  Finally, even if the court considers plaintiff's objections, plaintiff has failed to show the magistrate judge's order striking his third amended complaint was in error.

Accordingly, the court HEREBY ORDERS that plaintiff's "objections" filed October 31, 2016 (ECF Nos. 119 and 120) are denied.

IT IS SO ORDERED.

Dated:  November 22, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE